Todd M. Friedman (SBN 216752)
Meghan E. George (SBN 274525)
Adrian R. Bacon (SBN 280332)
Law Offices of Todd M. Friedman, P.C.
324 S. Beverly Drive, #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
mgeorge@toddflaw.com
abacon@toddflaw.com
Attorneys for Plaintiff

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| ANGELA GERMANY, | Case No.: |
|---|---|
| Plaintiff, | COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF: |
| v. | |
| CASH CENTRAL OF CALIFORNIA, LLC; DOES 1-100, AND EACH OF THEM | I. THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ.; |
| Defendants. | II. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.; AND, |
| | III. CALIFORNIA CIVIL CODE § 1798.92, ET SEQ. |
| | IV. FAIR CREDIT REPORTING ACT |
| | V. CONSUMER CREDIT REPORTING AGENCIES ACT |
| | **JURY TRIAL DEMANDED** |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**      PAGE 1 OF 19

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. ANGELA GERMANY ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of CASH CENTRAL OF CALIFORNIA, LLC ("CASH CENTRAL" or "Defendants") with regard to attempts by Defendants, debt collectors, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

7. Any violations by Defendants were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

8. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1682k and 28 U.S.C. § 1367 for supplemental state claims.

10. This action arises out of Defendants' violations of (i) the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692(p) ("FDCPA"); (ii) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.17 ("RFDCPA"); and, (iii) California Civil Code §§ 1798-92, et seq.

11. Because Defendant conducts business within the State of California, personal jurisdiction is established.

12. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the City of Palm Desert, County of Riverside, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business within this judicial district at all times relevant.

///

///

## PARTIES

13. Plaintiff is a natural person who resides in the State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

14. Ms. Germany is a "Victim of Identity Theft" as that term is defined by Cal. Civ. Code § 1798.82(d).

15. Defendant CASH CENTRAL is a company located in Utah, who conducts business in California.

16. Plaintiff is informed and believes, and thereon alleges, that Defendants, in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" and are therefore "debt collectors" as the terms are defined by 15 U.S.C. § 1692a(6).

17. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "debt" as that term is defined by 15 U.S.C. 1692a(5).

18. Defendants are each a "claimant" as that term is defined by California Civil Code § 1798.92(a).

## FACTUAL ALLEGATIONS

19. At all times relevant, Plaintiff is an individual residing within the State of California.

20. Plaintiff became aware that she was a victim of identity theft when receiving a notification from her monthly credit monitoring service, notifying her that there was an inquiry on her credit from Defendant CASH CENTRAL. Plaintiff subsequently received a notice from Defendant CASH CENTRAL that her application for a loan had been denied. Plaintiff has never applied for a loan with CASH CENTRAL to date.

21. Plaintiff immediately notified CASH CENTRAL that the application had been fraudulently submitted in her name.

22. Both CASH CENTRAL and Plaintiff's credit reporting agency confirmed that it was, indeed, identity theft and stated to Plaintiff that she would have the credit inquiries deleted from Plaintiff's credit report.

23. Six months later, Plaintiff was again notified that CASH CENTRAL had done an unauthorized inquiry on her account. Plaintiff again notified CASH CENTRAL that she had never applied for a loan with them.

24. Plaintiff filed a police report concerning this identify theft.

25. Despite CASH CENTRAL's confirmation that this was indeed identify theft, Defendant has repeatedly places calls to Plaintiff's home, and work phone numbers in an attempt to collect on the fraudulently obtained loans.

26. Further, despite Plaintiff's repeatedly notifying Defendant that she has never taken a loan with them, Defendant continues to harass Plaintiff with calls to her home and work telephone numbers.

27. CASH CENTRAL's continued attempts to knowingly collect an invalid debt from Ms. Germany via telephonic communications constitutes a violation of 15 U.S.C. § 1692e since CASH CENTRAL used false, deceptive and misleading representations in connection with the collection of Ms. Germany's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, CASH CENTRAL also has violated Cal. Civ. Code § 1788.17.

28. Through this conduct, CASH CENTRAL violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount and legal status of Ms. Germany's alleged debt as one that is owed by Ms. Germany. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, CASH CENTRAL also has violated Cal. Civ. Code § 1788.17.

29. Through this conduct, CASH CENTRAL violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means in order to collect Ms.

Germany's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, CASH CENTRAL also has violated Cal. Civ. Code § 1788.17.

30. Through this conduct, CASH CENTRAL violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Ms. Germany's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, CASH CENTRAL also has violated Cal. Civ. Code § 1788.17.

31. Through this conduct, CASH CENTRAL violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not permitted by law from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, CASH CENTRAL also has violated Cal. Civ. Code § 1788.17.

32. To date, CASH CENTRAL continues CASH CENTRAL's unfair debt collection practices by communications personal credit information to Ms. Germany's credit report that is known or should be known to be false. Such conduct constitutes a violation of 15 U.S.C. § 1692e(8).

33. Through this conduct, CASH CENTRAL violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount and legal status of Ms. Germany's alleged debt as one that is owed by Ms. Germany. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, CASH CENTRAL also has violated Cal. Civ. Code § 1788.17.

34. Through this conduct, CASH CENTRAL violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not permitted by law from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, CASH CENTRAL also has violated Cal. Civ. Code § 1788.17.

35. By ignoring the information provided by Plaintiff, CASH CENTRAL engaged in conduct the natural consequence of which was to harass, oppress and abuse Plaintiff. Through this conduct, CASH CENTRAL violated 15 U.S.C. § 1692d. This section is incorporated into the RFDCPA through Cal. Civ. Code §

1788.17. Thus, CASH CENTRAL also has violated Cal. Civ. Code § 1788.17.

36. CASH CENTRAL's continued attempts to knowingly collect an invalid debt from Plaintiff via telephonic communications constitutes a violation of 15 U.S.C. § 1692e since CASH CENTRAL used false, deceptive and misleading representations in connection with the collection of Ms. Germany's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, CASH CENTRAL also has violated Cal. Civ. Code § 1788.17.

37. These repeated and continuous violations have caused Plaintiff unnecessary stress and anxiety.

38. In addition, Defendants' continued illegal collection actions and continued reporting on Plaintiff's credit reports after failing to conduct a reasonable investigation into Plaintiff's identity theft claims violate Cal. Civ. Code § 1798.92 et seq.

**CAUSES OF ACTION CLAIMED BY PLAINTIFF**

**COUNT I**

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. §§ 1692-1692(p) (FDCPA)**

**[AGAINST ALL DEFENDANTS EXCEPT CASH CENTRAL]**

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

41. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant individually.

///

# COUNT II

## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
## Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)
### [AGAINST ALL DEFENDANTS]

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

44. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant individually.

# COUNT III

## VIOLATIONS OF CAL. CIV. CODE § 1798.92-1798.97
### [AGAINST ALL DEFENDANTS]

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. The foregoing acts and omissions constitute numerous and multiple violations of the Cal. Civ. Code § 1798.92, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code § 1798.92.

47. As a result of each and every violation of Cal. Civ. Code § 1798.92, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5); statutory damages in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6); costs pursuant to Cal. Civ. Code § 1798.93(c)(5), attorney's fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5) and any equitable relief the Court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5).

# COUNT IV.

## VIOLATIONS OF 15 U.S.C. §1681 ET SEQ

### (FAIR CREDIT REPORTING ACT)

### [AGAINST ALL DEFENDANTS]

48. Plaintiffs reincorporate by reference all of the preceding paragraphs.

49. Defendant's false and inaccurate reporting of information to consumer credit reporting agencies constitutes one or more violations of 15 U.S.C. §1681, et seq.

50. Despite Plaintiffs' efforts to date, Defendant nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, failed to remove the inaccurate information in a timely fashion, failed to note the disputed status of the inaccurate information and continued to report the derogatory inaccurate information about Plaintiffs.

51. Plaintiffs have been damaged, and continue to be damaged, in the following ways:

    a. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

    b. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown; and

    c. Decreased credit score which may result in inability to obtain credit on future attempts.

52. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

53. At all times pertinent hereto, the conduct of Defendant, as well as that of its

agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiffs herein.

54. Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

 a. Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiffs disputed;

 b. Willfully and negligently failing to review all relevant information concerning Plaintiffs' account provided to this Defendant;

 c. Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

 d. Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiffs;

 e. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,

 f. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

55. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiffs that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiffs for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

56. Further, Defendant failed to notify Plaintiffs of their intention to report negative information on their credit reports. Defendant then failed to correct the disputed information within thirty days of Plaintiffs' dispute of that

information.

57. As a result of the above violations of the FCRA, Plaintiffs suffered and continue to suffer injury to Plaintiffs' feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiffs for Plaintiffs' actual damages, statutory damages, and costs and attorney's fees.

## COUNT V.
## VIOLATIONS OF CIVIL CODE §1785 ET SEQ
## (CONSUMER CREDIT REPORTING AGENCIES ACT)
## [AGAINST ALL DEFENDANTS]

58. Plaintiffs reincorporate by reference all of the preceding paragraphs.

59. Defendant's false and inaccurate reporting of information to consumer credit reporting agencies constitutes one or more violations of Civil Code §1785, et seq.

60. Specifically, Defendant violated Civil Code §1785.25(a) by knowingly and intentionally continued to report the alleged debt on Plaintiffs' credit reports despite having been informed on numerous occasions by Plaintiffs that the account at issue was fraudulently obtained under Plaintiff's name and that Plaintiffs disputed the alleged debt owed.

61. Further, Defendant violated Civil Code §1725(c) by knowingly and intentionally continued to report the alleged debt on Plaintiffs' credit reports without noting that Plaintiffs disputed the debt despite having been informed on numerous occasions by Plaintiffs that the account at issue was fraudulently obtained under Plaintiff's name and that Plaintiffs disputed the alleged debt owed.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant for:

- an award of actual damages, in an amount to be determined at trial,

pursuant to Cal. Civ. Code § 1788.30(a), against each named Defendant individually;

- an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against each named Defendant individually;
- an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against each named Defendant individually;
- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against each named Defendant individually;
- an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against each named Defendant individually.
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against each named Defendant individually;
- special, general, compensatory and punitive damages;
- treble damages pursuant to Cal. Civ. Code § 3345; and,
- any and all other relief that this Court deems just and proper.

**TRIAL BY JURY**

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: January 25, 2016            LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By: ____/s Todd M. Friedman_____
TODD M. FRIEDMAN, ESQ.
ATTORNEY FOR PLAINTIFF